IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 13-CV-21681-KMM

MIAMI TECH, INC., a Florida corporation,

      Plaintiff,

vs.

JANLERT PEREZ,

      Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant Janlert Perez's Motion to Dismiss (ECF No. 14).  Plaintiff Miami Tech, Inc. ("Miami Tech") filed a Response (ECF No. 19).  This Motion is therefore ripe for review.  UPON CONSIDERATION of the Motion, Response, the pertinent portions of the record, and being otherwise fully advised in the premises, this Court enters the following Order.

Defendant's Motion seeks for this Court to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 8.  Plaintiff's Complaint is a declaratory action pursuant to 28 U.S.C. §§ 2201 and 2202 asking the Court to determine that United States Patent No. 8,348,071 (the "Patent") is "invalid due to inequitable conduct committed by or on behalf of Perez during the revival of the underlying patent application giving rise to the [Patent]."  Compl., at ¶ 1.  Defendant Janlert Perez ("Perez") is the inventor of the Patent, which was issued on January 8, 2013.  Id., at ¶ 9.  Plaintiff alleges, however, that Defendant secured this Patent after his initial patent application was about to be rejected for infringing upon the "Gonzalez Patent," which was invented by Isidro Gonzalez, the president of

1

Miami Tech.  See Compl., at ¶ 20; Resp., at 2.  In essence, Plaintiff appears to allege that Perez and Perez's unnamed agent realized Perez's initial patent was about to be denied, unlawfully intentionally abandoned the application, and later improperly filed a second petition to revive the application.  See generally Compl., at ¶¶ 10–38.  Plaintiff alleges, "the [Patent] is invalid as the underlying Application was abandoned and improperly revived through inequitable conduct with intent to deceive."  Compl., at ¶ 39.  Almost two months after the Patent was issued to Defendant, Perez's attorney sent a letter to Miami Tech claiming that one of Miami Tech's products (the "Product") infringed upon the Patent.  Compl., at ¶ 40.  As a result of Perez's infringement threats and in an abundance of caution, Plaintiff took the Product off the market.  Compl., at ¶ 45.  Communications from Perez and his attorney "have placed Miami Tech in an immediate apprehension of an infringement lawsuit."  Compl., at ¶ 48.

In deciding whether to entertain declaratory judgment actions, district courts are provided with "ample" discretion.  Kerotest Mfg., Co. V. C-O-Two Fire Equip. Co., 342 U.S. 180, 183–84, (1952).  "[T]he proper test of when an action for declaratory judgment presents a justiciable controversy is 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'"  Arkema, Inc. v. Honeywell, Int'l, Inc., No. 2012–1308, 2013 WL 425576, at *4 (Fed. Cir. Feb. 5, 2013) (quoting MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007)).  A party seeking a declaratory judgment must allege facts in a complaint from which it appears that there is a substantial likelihood that it will suffer injury in the future.  Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1346 (11th Cir. 1999) (citing City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Cone Corp. v. Florida Dep't of Transp., 921 F.2d 1190, 1205 (11th Cir. 1991)).  "[A]

declaratory judgment resolves an actual case or controversy, as contemplated in Article III of the United States Constitution." Ion Audio, LLC v. MUSIC Group Serv. US, Inc., Case No. 12-CV-60201, 2013 WL 1023016, at *1 (S.D. Fla. Mar. 14, 2013) (citing MedImmune, Inc., 549 U.S. at 127). In the context of patent cases, "Article III jurisdiction exists where a patent holder takes a position that puts the declaratory judgment plaintiff in the position of either pursuing arguably illegal behavior or abandoning that which he claims a right to do." Id. (citing SanDisk Corp. v. STMicroelectronics, Inc., 480 F.3d 1372, 1381 (Fed. Cir. 2007)).

Here, Defendant argues that Plaintiff's Complaint fails to include any allegations "that plaintiff's intellectual property rights in the patented product for which defendant was awarded his patent infringed upon any particular rights which became vested in the plaintiff." Mot., at 2. Put more simply, Plaintiff failed to allege that Defendant's Patent infringed upon any patent owned by Miami Tech. See Ion Audio, LLC, 2013 WL 1023016, at *2 (noting that to survive a motion to dismiss, a complaint must show that the parties have adverse legal interests and a meaningful dispute at the time the lawsuit was filed). Plaintiff's Complaint fails to seek a declaration that the Patent itself is invalid. Rather, it appears to seek redress for Defendant's procedural misconduct before the United States Patent and Trademark Office. Count I of the Complaint contains a lengthy narrative recital of facts regarding how Perez and his agent "committed inequitable conduct" in intentionally abandoning Perez's initial patent application and later improperly reviving it, which resulted in the Patent being granted. See generally Compl., at ¶¶ 49–61. Count I, the sole claim in the Complaint, requests a declaration that the "Patent is unenforceable due to inequitable conduct in the revival of the Application before the [United States Patent and Trademark Office]." Compl., at ¶ 64. Viewing the Complaint as a whole, this Court finds it fails to state a valid case or controversy between the Parties.

For the foregoing reasons, it is

ORDERED and ADJUDGED that Defendant Janlert Perez's Motion to Dismiss (ECF No. 14) is GRANTED.  Plaintiff's Complaint (ECF No. 1) is hereby DISMISSED.  Plaintiff is directed to file an amended complaint within twenty (20) days of this Order, or this dismissal will operate with prejudice.  The Clerk of the Court is directed to administratively CLOSE this case until a timely amended complaint is filed.

DONE AND ORDERED in Chambers at Miami, Florida, this 22nd day of August, 2013.

_____
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:     All counsel and parties of record